IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM E. WEBB,

    Petitioner,

v.                                Civil Action No. 5:06CV96
                                            (STAMP)
MATTHEW B. HAMMIDULLAH,
STEVE LABEIR, ALBERTO GONZALEZ,
and HAROLD WATTS, et al.,

    Respondents.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

In 2001, the petitioner was convicted of drug and firearm offenses in the United States District Court for the Middle District of North Carolina for which he was sentenced to a term of 355 months imprisonment. Additionally, the sentencing court imposed an assessment of $300.00, due immediately, and a fine of $1,000.00, to be paid during the petitioner's term of imprisonment.

On February 27, 2006, the petitioner filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina. Thereafter, the petitioner was granted permission to proceed in forma pauperis ("IFP") by the District of South Carolina Court.

On June 20, 2006, the Honorable Bristow Marchant, United States Magistrate Judge for the District of South Carolina, conducted a preliminary review of the petition and determined that

the petition was subject to summary dismissal for failure to allege facts which set forth a cognizable claim in federal court. Magistrate Judge Marchant's report and recommendation was adopted by the Honorable Henry F. Floyd, United States District Judge for the District of South Carolina, on July 11, 2006. The next day, on July 12, 2006, the District of South Carolina received the petitioner's objections to the report and recommendation. On July 14, 2006, Judge Floyd <u>sua sponte</u> vacated his order adopting the report and recommendation. Thereafter, the case was transferred to this Court because the petitioner was transferred outside the jurisdiction of the District of South Carolina and is now incarcerated at Hazelton Penitentiary in Bruceton Mills, West Virginia.

The petition was referred to United States Magistrate Judge John S. Kaull for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.09. On October 19, 2006, not realizing that the District of South Carolina had previously granted the petitioner IFP status, the magistrate judge directed the petitioner to pay the $5.00 filing fee. The petitioner filed an objection, motion to vacate, and a separate motion for reconsideration of the order requiring him to pay the $5.00 filing fee. In support of his motions, the petitioner asserts that the District of South Carolina granted him IFP status and waived the $5.00 filing fee. Notwithstanding his objections, the petitioner

2

paid the $5.00 filing fee in compliance with the order of Magistrate Judge Kaull.

On May 17, 2007, Magistrate Judge Kaull issued a report recommending that the petitioner's § 2241 petition be denied. Additionally, the magistrate judge ordered that the petitioner's motion for reconsideration regarding the $5.00 filing fee be granted. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. The petitioner filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner in this case has filed objections, this Court will undertake a de novo review.

## III. Discussion

The petitioner alleges that on or about October 7, 2004, the respondent established a "fixed $25 quarterly payment obligation upon Petitioner to pay his court ordered fines and assessment fees." The petitioner asserts that he agreed to such terms under threat of sanctions, but that on or about July 2, 2005, Bureau of

3

Prisons ("BOP") staff increased his quarterly payment to $50.00. Because the petitioner refused to pay the $50.00 quarterly payment, the BOP placed him on refusal status. Thereafter, on October 18, 2005, the petitioner made a $25.00 quarterly payment directly to the Clerk of Court for the Middle District of North Carolina. After making such payment, the petitioner advised BOP staff of his payment and requested that he be taken off refusal status. However, BOP staff declined to take the petitioner off of refusal status because it determined that the $25.00 payment made directly to the sentencing court was merely an attempt by the petitioner to circumvent BOP policy.

The petitioner filed a grievance through the BOP's Administrative Remedy Program regarding the payment of his criminal fines, and then appealed to the Central Office. In its final denial of the petitioner's administrative remedies, the Central Office stated that under Program Statement 5380.07, based on the petitioner's assets, the BOP was within its discretion to increase his payment from $25.00 quarterly to $50.00 quarterly.

Based on the foregoing, the petitioner states the following four grounds in his petition for habeas relief:

> "(1) Statutory duty imposed upon district court to fix term of fine must be read as exclusive, and BOP officials usurp this core judicial function by establishing and timing the petitioner's payments of his court imposed fines or restitution.
>
> (2) The due process clause protects the petitioner against any delinquency adjudication by BOP officials, of alleged failure to pay court ordered fines and fees, using a preponderance of the evidence standard,

4

especially when the finding of guilt results in the taking of his privileges, et al sanctions.

(3) The petitioner acted properly and in accordance to law, by making a $25 payment on court imposed fines and fees directly to court Clerk, and policy of BOP officials that implies this act is an attempt to circumvent policy is contrary to statutory law and clearly erroneous.

(4) The petitioner's sentencing court erroneously delegated its authority to set the amount and timing of the petitioner's fines and assessment of fees payments to the Bureau of Prisons and/or the probation officer, without retaining ultimate authority over such decisions."

Grounds one and four of the petition are based on the holding in <u>Miller v. United States,</u> 77 F.3d 71, 78 (4th Cir. 1996), that the sentencing court may not delegate its authority to set the amount and timing of criminal fine payments to the BOP without retaining ultimate authority over such decisions. Magistrate Judge Kaull found that grounds one and four of the petition are without merit because the sentencing court did not improperly delegate responsibility regarding the petitioner's criminal fines to the BOP. The petitioner objects that "the BOP may not order installment payments . . . without an order of the court and only after a hearing."

The petitioner's objection does not establish that he is entitled to relief. Where the sentencing court has ordered immediate payment of a criminal fine, the BOP has discretion to place an inmate in the Inmate Financial Responsibility Program ("IFRP"). <u>See</u> <u>Coleman v. Brooks</u>, 133 Fed. Appx. 51, 53 (4th Cir.

5

2005)(unpublished) (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002)).

In this case, the sentencing court set the amount and timing of the petitioner's criminal fines by ordering that the $300.00 assessment be paid immediately and that the $1,000.00 fine be paid during petitioner's term of imprisonment. See 18 U.S.C. § 3572(d)(2) (providing that if a judgment imposes criminal fines "the length of time over which scheduled payments will be made shall be set by the court"). Because the sentencing court did not establish monthly installments or a date certain for payment of the $1,300.00 fine, the monetary penalty was due immediately. See 18 U.S.C. § 3572(d)(1). The immediate payment requirement is generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately. Coleman, 133 Fed. Appx. at 53.

The IFRP offers prisoners an avenue for making payments toward a monetary penalty imposed by the court. Although the Court permitted the petitioner in this case to make payments through the IFRP, the Court did not require the petitioner to pay his fines in that manner. Thus, the Court did not improperly delegate responsibility to the BOP and the petitioner's participation in the IFRP does not violate the holding in Miller.

In ground two, the petitioner argues that his due process rights were violated when he was placed on IFRP refusal status. The magistrate judge found that this ground is without merit

because the IFRP has uniformly been upheld against constitutional attacks on due process grounds. See Weinberger v. United States, 268 F.3d 346, 360 (6th Cir. 2001); James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989); Dorman v. Thornburgh, 955 F.2d 57, 58-9 (D.C. Cir. 1992). This Court agrees. The weight of authority supports the constitutionality of the IFRP and thus the petitioner's argument also fails on this point.

In ground three, the petitioner complains that his direct payment to the sentencing court was not recognized by the BOP as participation in the IFRP. The magistrate judge found that the BOP properly placed the petitioner on IFRP refusal status because he declined to make a payment through the IFRP. Although an inmate may elect to make payments directly to the sentencing court, rather than through the IFRP, this avenue of payment is not considered participation in the IFRP. Because the petitioner chose not to utilize the IFRP, he voluntarily lost any advantage he may have had through participation in the program.

Finally, the petitioner raises an additional claim[1] in his objections to Magistrate Judge Kaull's report and recommendation. The petitioner contends that the Federal Debt Collection Act of 1990 ("FDCPA") provides the exclusive procedure for the United States to recover the criminal fines imposed against him. This

---

[1] Magistrate Judge Kaull notes in his report and recommendation that the petitioner also raised this additional claim in his objections to Magistrate Judge Marchant's report and recommendation.

objection is without merit.  The FDCPA explicitly provides that the Act shall not be construed "to curtail or limit the right of the United States under any other Federal law or any State law . . . to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case."  28 U.S.C. § 3003(b)(2).  Therefore, this objection fails to save the § 2241 petition from summary dismissal.

IV. Conclusion

For the above-stated reasons, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE.  This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the plaintiff may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 23, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE